DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
EDWARD K. LEE (SBN 294954)
elee@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Plaintiff
CBS STUDIOS INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CBS STUDIOS INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>DESILU STUDIOS, INC., a Delaware corporation; DESILU CORPORATION, a Delaware corporation; and CHARLES HENSLEY, an individual,<br><br>        Defendants. | Case No.: 2:18-cv-09309<br><br>**CBS STUDIOS INC.'S: COMPLAINT FOR**<br><br>**(1) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)(1)(A);**<br><br>**(2) CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125(d);**<br><br>**(3) DECLARATORY RELIEF; AND**<br><br>**(4) CANCELLATION OF REGISTRATION PURSUANT TO 15 U.S.C. §§ 1064, 1119** |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

COMPLAINT

Plaintiff CBS Studios Inc. ("CBS") hereby alleges as follows:

## I.      JURISDICTION AND VENUE

1.      This action arises under federal law, the provisions of the Trademark laws of the United States (the Lanham Act), as amended, 15 U.S.C. §§ 1051 *et seq*. This Court has jurisdiction over CBS's federal law claims under 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. § 1338(a).

2.      The Court has personal jurisdiction over Defendant Desilu Studios, Inc. ("DSI") because, upon information and belief, it is a corporation authorized to do business in the State of California, with its principal place of business located at 1600 Rosencrans Avenue, Manhattan Beach, California 90266. DSI also voluntarily submitted to this Court's jurisdiction by filing a lawsuit against CBS in this Court regarding the same subject matter as is addressed herein. The Court has personal jurisdiction over defendant Charles Hensley because he is an individual who, on information and belief, resides in Redondo Beach, California. The Court has personal jurisdiction over defendant Desilu Corporation ("DC") because, on information and belief, DC conducts continuous and systematic business in the State of California, and specifically in this judicial district. The Court additionally has personal jurisdiction over DC because, on information and belief, DC was assigned the mark at issue in this case by Hensley, and then licensed that trademark to DSI, a company with its principal place of business in California, with the knowledge and expectation that the mark would be used by DSI (and Hensley) within and throughout California, and with the knowledge that CBS also does business in California.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because, upon information and belief, DSI maintains its principal place of business in this judicial district and Hensley resides in this judicial district, and under 28 U.S.C. § 1391(b)(2) because the events giving rise to CBS's claims against each of the Defendants occurred in this judicial district.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

1

COMPLAINT

## II.    PRELIMINARY STATEMENT

4.    CBS is the holder of common law rights in the name and mark "Desilu" for film and television productions (the "DESILU Mark").  Recently, Defendant Charles Hensley ("Hensley") began attempting to secure trademark registrations for famous brand names that he believed were not formally registered with the United States Patent and Trademark Office ("USPTO").  In 2016, Hensley sought to register CBS's famous mark "Desilu" for motion picture and television production services, and he also attempted to register the mark "Trans World Airlines" for airline services.

5.    CBS does not own a registered trademark for the DESILU Mark, but CBS owns common law rights to that name and mark because it has been using it continuously for decades.  Further, the DESILU Mark is well-known to the public and has long been associated with CBS's products, most notably, the long-running television show, *I Love Lucy*.

6.    Hensley is not a television or film producer.  Instead, he claims to have a background in the pharmaceutical business.  He was convicted by this Court in April of 2012 (CR-11-00455 JAK) for marketing and selling unapproved bird flu medication.

7.    CBS is informed and believes that Hensley never intended to use the Desilu name for legitimate business purposes and, instead, intended to use that name in order to induce "investments" into his shell companies.  In furtherance of this plan, Hensley formed two companies called Desilu Studios, Inc. ("DSI") and Desilu Corporation ("DC").  Hensley formed DSI in or about May of 2017, and then formed DC in March of 2018.

8.    In December of 2017, Hensley caused a false "valuation" letter to be issued by a non-existent Los Angeles business called the "Beverly Wilshire Group." Hensley's valuation letter stated that his newly-formed company, DSI, was worth $11.2 billion ("We are issuing this letter to inform you in advance of our official

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

2

COMPLAINT

report that we have determined Desilu Studios, Inc., to have a valuation of $11.2 billion USD.").  Defendants are informed and believe that there is no Los Angeles company operating as the "Beverly Wilshire Group," and the address on the valuation letter (1999 Avenue of the Stars) did not have any tenant by that name in December of 2017 (or thereafter).

9.     Using this fraudulent valuation, Hensley represented to third parties that he had "acquired" the famous Desilu company and, throughout 2018, Hensley induced unwitting investors to give him money in exchange for valueless stock in his newly-formed shell company.

10.     In aid of his attempt to create the appearance that DSI was a legitimate business (albeit with no operations, no employees and no revenues), Hensley approached Lucie Arnaz, the daughter of Lucille Ball and Desi Arnaz.  Hensley informed Ms. Arnaz that he was re-launching "Desilu Studios" and asked for her blessing so that he could inform third parties that she was associated with DSI.  Ms. Arnaz then spoke to CBS and declined Hensley's offer.

11.     After Ms. Arnaz declined to associate herself with Hensley and his entities, he engaged counsel to file suit on behalf of DSI against CBS for tortious interference with contract and for declaratory relief and trademark infringement. That suit was filed in April of 2018, as case number 18-cv-02961-AB-(Ex).  The attorney originally engaged by Hensley/DSI was not paid for his services, was unable to contact Hensley for months, and in July of 2018, was forced to file a motion to withdraw.

12.     Days after the withdrawal of Hensley/DSI's original counsel, another attorney, Drew Sherman, entered an appearance as counsel for DSI.  Mr. Sherman's firm filed a notice of appearance on or about September 4, 2018, but Mr. Sherman thereafter failed to appear at two scheduled court hearings, and did not respond to numerous phone calls and emails from counsel for CBS.  On Sunday October 21,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

3

COMPLAINT

2018, the evening before a scheduled hearing with the Court, Mr. Sherman filed a dismissal of DSI's lawsuit.

13.     CBS is informed and believes that Hensley filed the April 2018 lawsuit against CBS as a delay tactic to enable him to inform potential "investors" that he had a legitimate company, and was engaged in a good-faith dispute over the ownership of the DESILU Mark.  CBS is informed and believes that, during the time the lawsuit was pending, Hensley induced numerous individuals to enter into contracts with him, and to pay him tens of thousands of dollars for worthless DSI stock.

14.     The trademark registration that Defendants claim to own was procured and maintained through fraud by Hensley, DSI's purported Chairman and CEO. The Defendants have also registered, trafficked in, or used websites containing CBS's DESILU Mark in bad faith, as part of their ongoing efforts to exploit the significant goodwill CBS has generated in its distinctive and famous DESILU Mark. Defendants have used these infringing websites to mislead the public and the USPTO into believing that DSI is the same company that produced *I Love Lucy* and *Star Trek* in the past, and to continue exploiting CBS's goodwill in order to personally enrich Hensley.

15.     CBS therefore asks this Court to find that Defendants have infringed CBS's DESILU mark under the Lanham Act, to find that Defendants engaged in cyberpiracy in violation of the Lanham Act, to cancel Defendants' fraudulently procured trademark registration, and to award CBS damages resulting from Defendants' fraudulent, deceptive, and unlawful conduct.

## III.    PARTIES

16.     Plaintiff CBS is a Delaware corporation authorized to do business in the State of California, with a place of business in California located at 4024 Radford Avenue, Studio City, California 91604.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

4

COMPLAINT

17.     Defendant DSI is, upon information and belief, a Delaware corporation with its principal place of business in Manhattan Beach, California.

18.     Defendant DC is, upon information and belief, a Delaware corporation, owned and operated by Defendant Hensley.

19.     Defendant Hensley is an individual who, upon information and belief, resides in Redondo Beach, California, and is the founder and CEO of DSI and DC.

IV.     **FACTUAL BACKGROUND**

  A.     **CBS and Its Rights in the Famous DESILU Mark**

20.     The original Desilu Productions, Inc. ("Desilu Productions"), sometimes known as Desilu Studios, was founded in 1950 and was co-owned by Desi Arnaz and Lucille Ball (the stars of *I Love Lucy*).  Desilu Productions quickly became one of the largest television production companies in the United States.

21.     For decades, and long before any date on which Defendants commenced engaging in the wrongful conduct set forth below, CBS and its predecessors have continuously used in nationwide commerce the DESILU Mark in connection with, *inter alia*, entertainment products, including as identification of television products in the closing credits of a number of shows produced by Desilu Productions[1] and distributed by its successors.  Such products include the iconic television programs *I Love Lucy*, *Star Trek*, *Mission: Impossible*, and *The Untouchables*.  Examples of typical uses of the DESILU Mark are shown below:

_____

[1] In late 2005, as part of its acquisition of certain rights from Paramount Pictures Corporation, CBS acquired all rights, title, and interest in the DESILU Mark, and the various television properties created and distributed under the DESILU Mark.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

5

COMPLAINT

 

22.     CBS continues to use the DESILU Mark to create new versions of products, including products it has digitized, and in some cases, colorized, for distribution to digital platforms (including streaming services), along with continued distribution on television.  CBS also uses the DESILU Mark in connection with DVDs and merchandise related to its television products.

23.     CBS and its predecessors' continuous nationwide use in commerce of the DESILU Mark confers upon CBS the exclusive right, nationwide, to use the DESILU Mark on or in connection with entertainment products and related goods and services, including television programs and motion pictures.

24.     CBS has partnered with a select group of businesses to afford those businesses the right to market goods and services in connection with the DESILU Mark, including by permitting those authorized partners to show television programs bearing the DESILU Mark.  Only authorized businesses are permitted to use the DESILU Mark.

25.     CBS and its predecessors have expended substantial resources to ensure the continued presence of the DESILU Mark in commerce, and the DESILU Mark has been viewed by countless individuals nationwide (and globally), for decades, in connection with CBS's television products.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

6

COMPLAINT

26.     By virtue of CBS and its predecessors' long and widespread use, and substantial investment, the DESILU Mark has become well-known as a symbol of CBS and its predecessors' goods and services, and therefore has come to represent goodwill of great value to CBS.

27.     The DESILU Mark is distinctive and famous and acquired such distinction and fame long prior to any date on which Defendants commenced engaging in the wrongful conduct set forth below.

**B.     Defendants' Wrongful Conduct**

      **1.     Defendants Fraudulently Register Their Mark.**

28.     Hensley claims, on a Wikipedia page that he created for himself, to have been a co-creator of the cold medicine sold as "Zicam." Hensley also claims to have a background in the pharmaceutical business, and he was convicted by this Court in April of 2012 for selling an unapproved bird flu medication. Following that conviction, Hensley was placed on probation for three years.

29.     Shortly after his probation ended, on or around October 28, 2016, Hensley filed an application with the USPTO for registration of the service mark "Desilu" (the "Hensley Mark" or the "Infringing Mark")—identical to CBS's DESILU Mark—for use in connection with motion picture film production, motion picture theaters, production and distribution of motion pictures, television show production, distribution of motion picture films, entertainment media production services for motion pictures, television and Internet, and film distribution.[2]

30.     In support of his application for registration of the Infringing Mark, Hensley submitted a declaration under oath dated October 28, 2016, which stated,

---

[2] This application was not Hensley's first attempt at persuading the USPTO to issue a registration identical to an already existing famous trademark. Only a few months before submitting the application for the Infringing Mark, Hensley applied to register TRANS WORLD AIRLINES (for airline services). That particular application was suspended, but Mr. Hensley is persisting in his attempt to register TWA, by arguing that he has a right to do so because he created a Michigan company called Trans World Airlines Inc.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

7

COMPLAINT

*inter alia*, that: (i) Hensley is the owner of DESILU, the mark sought to be registered, (ii) no other persons have the right to use DESILU in commerce, and (iii) that Defendants' use of DESILU would not cause confusion or mistake, or deceive.

31.    Hensley did not disclose in his application that CBS had been continuously using the name and mark "Desilu" for decades on its television programming, despite, upon information and belief, his being fully aware of CBS and its predecessors' use of the DESILU Mark.  In fact, upon information and belief, Hensley chose and applied to register the Infringing Mark because it was identical to CBS's DESILU Mark, and with the bad faith intent to wrongfully and willfully exploit the goodwill in the DESILU Mark developed by CBS and its predecessors.

32.    On November 22, 2017, Hensley submitted a "Statement of Use" in further support of his application for the Infringing Mark, claiming that the first use of the Infringing Mark was on February 6, 2017, and that the first use in interstate commerce was on March 8, 2017.  Hensley's application cited to his own recently-created website as evidence of his purported "use" of the mark in commerce.

33.    In connection with his Statement of Use, and in further support of his application for registration of the Infringing Mark, Hensley submitted a second declaration under oath, dated November 22, 2017, which again stated, *inter alia*, that: (i) Hensley is the owner of DESILU, the mark sought to be registered, (ii) no other persons have the right to use DESILU in commerce, and (iii) that Defendants' use of DESILU would not cause confusion or mistake, or deceive.

34.    On November 22, 2017, Hensley submitted a Specimen of his alleged use of the Infringing Mark, consisting of screenshots from DSI's website.  One website page that Hensley submitted states that: "The Desilu brand was created by husband and wife Desi Arnaz and Lucille Ball … In 2016, consumer products/branding mogul and venture capitalist Charles B. Hensley and his partners

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

8

COMPLAINT

acquired Desilu and set out to expand the brand into a global entertainment empire."[3]

35.    Hensley also submitted several other pages from his newly-created website that implied that DSI was producing numerous films and television productions.  The productions listed on DSI's website, and that were submitted as evidence of "use" to the USPTO, all indicated release dates in 2018.  CBS is informed and believes that none of these productions were released in 2018.  Further, after submitting this proposed evidence of "use" in the form of film and television productions that were to be imminently released, and after the USPTO granted DSI's application to register the name Desilu, Hensley caused all references to those productions to be removed from DSI's website.

36.    None of the productions previously listed on the DSI website, and that were submitted to the USPTO as evidence of "use" constituted bona fide examples of use in commerce.  CBS is informed and believes that neither DSI, nor Hensley, financed or produced any of these entertainment productions.

37.    Upon information and belief, in light of the famous and distinctive nature of CBS's DESILU Mark, Hensley's sworn statements were knowingly and materially false and made with the intent to deceive the USPTO into issuing a registration for the Infringing Mark.

38.    On or around January 16, 2018, the USPTO, upon information and belief, having relied on the statements made by Hensley in his application and Statement of Use and Specimen, issued a registration for the Infringing Mark to Hensley, Registration Number 5,381,889 (the "Registration").

39.    Upon information and belief, Hensley assigned the Infringing Mark to DC, which he also owns.  The Infringing Mark was then licensed by DC to DSI, for use in connection with DSI's business ventures.

---

[3] This statement was removed from the website after it was submitted to the USPTO as an example of DSI's use of the Infringing Mark.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

COMPLAINT

## 2.  Defendants Misrepresent Themselves as Being the Same Entity as Desilu Productions.

40.     DSI and Hensley (its purported Chairman and CEO) claim to be in the business of film, television, animation, video streaming, cinemas, entertainment complexes, and merchandising, per their website at www.desilu-studios.com and www.thedesilustudios.com.  Defendants' website features the below logo, which is identical to CBS's stylized logo depicted above in Paragraph 22:



41.     Upon information and belief, Defendants registered, trafficked in, or used the domain names www.desilu-studios.com, www.thedesilustudios.com, www.desiluinc.com (together, the "Infringing Domain Names") with the bad faith intent to profit from CBS's famous and distinctive DESILU Mark.

42.     Upon information and belief, the domain names were selected because of their similarity to CBS's famous and distinctive DESILU Mark, and with the intention of exploiting the goodwill associated with CBS's famous and distinctive DESILU Mark.

43.     Upon information and belief, the Infringing Domain Names were registered by Hensley between December 2016 and January 2018.

44.     Defendants have misrepresented to the public (including via their website and press releases, and to potential investors), and upon information and belief misrepresented to the media (via statements made to the media), that DSI is in fact the same entity as Desilu Productions.

45.     Defendants have made these misrepresentations of fact by displaying on their websites "news" articles falsely stating that, *inter alia*, (i) DSI is "famous for producing classic shows such as 'I Love Lucy', 'Star Trek' and 'The

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

COMPLAINT

Untouchables,'" (ii) Hensley "acquired the Desilu brand" (presumably from CBS), and (iii) DSI "was the original studio responsible for 'Star Trek.'"[4]

46.     Furthermore, Defendants' website links to the full text of these "news" articles, which, in addition to the misrepresentations noted above, falsely claim that DSI "was founded in 1950 and was co-owned by husband and wife Desi Arnaz and Lucille Ball.  It rose to become the largest independent television production company in the US. Ball bought out Arnaz in 1962, running the company for several years and then selling her shares to Gulf +Western.  It then became the television production of arm of Paramount Pictures.  The Desilu TV library is now owned by CBS, but the Desilu brand was acquired by businessman Charles B. Hensley and relaunched last year as a new studio."[5]

47.     These statements, upon information and belief, were and are understood by consumers to mean, *inter alia*, that DSI was the same entity as Desilu Productions, that DSI was the same entity that was created by Lucille Ball and Desi Arnaz, and that DSI was the entity that produced television programs since 1950 including *I Love Lucy*, *Mission: Impossible*, *The Untouchables*, and *Star Trek*. Moreover, these statements were made with the intent that consumers would understand them to have these meanings.

48.     Upon information and belief, Defendants made these misrepresentations to the media, and to the public, with the intention of exploiting the goodwill associated with CBS's DESILU Mark.

_____

[4] This quote is attributed to a DSI "development executive" who, upon information and belief, was acting as an agent of DSI, and made the statement with DSI and Hensley's knowledge of the statement.

[5] Charles Hensley never operated a motion picture or television "studio."  He entered into an agreement with a company called Finish Line Post to acquire that entity and to use its offices, located at 1600 Rosecrans Avenue in Redondo Beach. Mr. Hensley never paid the acquisition price, and did not pay the rent for the office at 1600 Rosecrans Avenue that he listed as the location of DSI.  In September of 2018, the landlord of the 1600 Rosecrans property sued Hensley's company, DSI, for unlawful detainer.  *See* LA Superior Court Case No. YC073168.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

11

COMPLAINT

49.     Defendants, and each of them, were on notice of CBS and its predecessors' trademark rights in the DESILU Mark as of the date that Defendants commenced use of the Infringing Mark.  CBS's rights in the DESILU Mark precede Defendants' use of the Infringing Mark.

50.     Upon information and belief, Defendants were aware at the time they commenced use and registration of the Infringing Mark of CBS's prior nationwide use of the DESILU Mark.

51.     Upon information and belief, Defendants adopted and registered the Infringing Mark because of the similarity to the DESILU Mark (indeed, they are identical) and with the bad faith intention of exploiting the goodwill associated with the DESILU Mark.

52.     At no time have Defendants obtained a license, authorization, or other permission to exploit the DESILU Mark in the manner described herein, from CBS or any of its predecessors.

53.     The natural, probable, and foreseeable result of the wrongful conduct of Defendants has been to deprive CBS of goodwill to gain an unlawful advantage in the marketplace.  CBS has sustained and will continue to sustain damages as a result of Defendants' wrongful conduct.  Defendants have been unjustly enriched by their registration and use of the infringing DESILU Mark in connection with their products and services.

54.     Defendants are in no way sponsored by, authorized or licensed by, or in any other way legitimately connected with, CBS, and their use of the Infringing Mark is without CBS's consent or permission.

### 3.     Hensley Uses The Desilu Name To Extract Investments From Unsuspecting Third Parties.

55.     CBS is informed and believes that Hensley obtained a false "valuation" of his newly-formed company, DSI, which he then used to solicit investments in DSI.  CBS is informed and believes that Mr. Hensley used the valuation letter, and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

12

COMPLAINT

his wrongfully-obtained registration of the Infringing Mark, in order to solicit investments into his newly-formed company, DSI.  CBS is further informed and believes that DSI does not have any legitimate motion picture or television operations, does not have any employees, and does not generate any operational revenue in the television or motion picture business.

56.     CBS is informed and believes that Hensley used the Infringing Mark, in combination with the so-called valuation letter, to induce third parties to pay tens of thousands of dollars to him in exchange for his issuance to them of shares of DSI stock.  Specifically, Hensley created a Private Placement Memorandum ("PPM") for DSI, claiming that he was selling 10 million shares of stock for ten dollars a share and distributed this PPM to potential investors.  The PPM claimed that Hensley would be taking DSI public, on the New York Stock Exchange, in 2018, and that he had "acquired" the Desilu brand.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement (15 U.S.C. § 1125(a)(1)(A))
### Against All Defendants

57.     CBS repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

58.     Defendants' use of the Infringing Mark to advertise, offer, and promote their products and services is likely to result in confusion, mistake, or deception as to the source of the products or services, or result in the belief that Defendants are legitimately connected with, sponsored by, or licensed or approved by, CBS.

a.     CBS's DESILU Mark is valid and protectable, including because of CBS and its predecessors' decades of continuous, nationwide use in commerce.

b.     CBS's DESILU Mark is unquestionably strong due to its inherent distinctiveness, and the substantial time, money and effort expended by CBS and its predecessors to promote and develop the goodwill associated with the DESILU Mark over several decades.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

13

COMPLAINT

c.      CBS's DESILU Mark and the Infringing Mark are identical (and are, in fact, intentionally identical, both the term DESILU and the stylized logo).

d.      Defendants have been trafficking in actual confusion, representing to the public, and potential investors, that the Infringing Mark is in fact the DESILU Mark.  Upon information and belief, many members of the public have experienced actual confusion between the DESILU Mark and the Infringing Mark.

e.      The DESILU Mark and Infringing Mark are used in the same marketing channels, insofar as both are used on the Internet, and to the extent the Infringing Mark is used for any actual bona fide business purpose.

f.      The DESILU Mark is used in connection with television and motion pictures, and the Infringing Mark is purportedly used in connection with motion pictures, to the extent it is used for any actual bona fide business purpose.

g.      Defendants selected the Infringing Mark to capitalize on the goodwill associated with the DESILU Mark, and Defendants selected the Infringing Mark because it is identical to the DESILU Mark with the bad faith intention of exploiting the goodwill associated with the DESILU Mark including the associated stylized logo.

h.      Defendants' goods and services offered under the Infringing Mark are directly competitive with goods and services provided by CBS and/or its licensees under the DESILU Mark.

59.      Upon information and belief, Defendants intentionally adopted, registered, and used the Infringing Mark with full knowledge of, and in willful disregard of CBS's rights in the DESILU Mark, and with the intent to obtain a commercial advantage that Defendants otherwise would not have had.

60.      Defendants' acts constitute trademark infringement and false designation of origin in violation of the Trademark Laws of the United States, 15 U.S.C. § 1125(a)(1)(A).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

COMPLAINT

61.     Defendants' acts constitute willful trademark infringement under 15 U.S.C. § 1125(a).

62.     Defendants' actions have and will continue to damage CBS unless enjoined by the Court.  CBS has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

### Cyberpiracy (15 U.S.C. § 1125(d))

### Against All Defendants

63.     CBS repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

64.     Upon information and belief, Defendants registered, trafficked in, or used the domain names www.desilu-studios.com, www.thedesilustudios.com, www.desiluinc.com (and possibly, additional domain names infringing on CBS's intellectual property rights) with the bad faith intent to profit from CBS's famous and distinctive DESILU Mark.

a.     Defendants have no legitimate intellectual property rights in "Desilu."

b.     Upon information and belief, Defendants, and no persons connected to them, use "Desilu" as a legal name.

c.     Upon information and belief, Defendants use of the domain name was never in connection with the bona fide offering of any goods or services.

d.     Upon information and belief, Defendants have no bona fide noncommercial or fair use of "Desilu."

e.     Defendants' intent in creating their domain names was to divert consumers who may have been searching for information related to goods or services legitimately connected to CBS's DESILU Mark.

65.     Defendants' domain names are confusingly similar to CBS's DESILU Mark, including for all the reasons already described above, which mark was distinctive and famous when Defendants selected their domain names.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

15

COMPLAINT

66.     Defendants' acts as alleged herein constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

67.     Defendants' actions have and will continue to damage CBS unless enjoined by the Court.  CBS has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**Declaratory Judgment**

**Against all Defendants**

68.     CBS repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

69.     There is an actual and pending controversy between the parties hereto as to their respective rights in and to the DESILU Mark.

70.     CBS contends that, at all relevant times, it owned the rights to the DESILU Mark and that it has used that name and mark continuously for decades prior to Defendant Hensley's attempt to secure rights to the Desilu name.

71.     Hensley, through his companies, has asserted rights relating to the name Desilu, and filed an action in this Court alleging that he and his corporate entities rightfully own the Infringing Mark.

72.     A declaration of the rights and obligations as between CBS and Defendants, pursuant to 28 U.S.C. § 2201, is necessary and appropriate with respect to the rights in and to the name "Desilu" for motion picture film production; motion picture theaters; production and distribution of motion pictures; television show production; distribution of motion picture films; entertainment media production services for motion pictures, television and internet; film distribution.[6]

---

[6] These are the categories that Hensley claimed he was using the Infringing Mark for in connection with his application to the USPTO and resulting registration.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

16

COMPLAINT

## FOURTH CLAIM FOR RELIEF

### Cancellation of Trademark Registration (15 U.S.C. §§ 1064, 1119)

### Against All Defendants

73.     CBS repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

74.     Defendants' use of the Infringing Mark to advertise, offer, and promote their products and services is likely to result in confusion, mistake, or deception as to the source of the products or services, or result in the belief that Defendants are legitimately connected with, sponsored by, or licensed or approved by, CBS, including for all of the reasons described above.

75.     Defendants' federal trademark registration for the Infringing Mark was granted less than five years ago.

76.     CBS has been damaged and will continue to be damaged by registration of the Infringing Mark.

77.     Defendants committed fraud in connection with their application and registration of the Infringing Mark, including by making false statements to the Trademark Office, and by submitting fraudulent specimens of "use" in commerce of the Infringing Mark.

78.     In addition to causing confusion in the market, the Infringing Mark also dilutes the famous DESILU Mark.

79.     The Infringing Mark registration, Registration No. 5,381,889, should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119.

### PRAYER FOR RELIEF

**WHEREFORE**, CBS prays that the Court enter judgment against Defendants as follows:

1.     Declaring that Defendants have violated the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A), 1125(d), and that such violations were malicious, deliberate,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

17

COMPLAINT

willful, and intentional, making this an exceptional case pursuant to 15 U.S.C.
§ 1117(a);

2.     Declaring that the registration of the Infringing Mark was obtained or
maintained by fraud;

3.     To rectify the Register, ordering the USPTO to cancel the registration
of the Infringing Mark, Registration No. 5,381,889, pursuant to 15 U.S.C. §§ 1064
and 1119;

4.     Ordering that Defendants and their officers, agents, servants,
distributors, affiliates, employees, attorneys, and representatives, and all those in
privity or acting in concert with Defendants or on Defendants' behalf transfer to
Plaintiff the www.desilu-studios.com, www.thedesilustudios.com, and
www.desiluinc.com domain names, and any other domain names that contain the
DESILU Mark, or any colorable imitation, simulation or typographical variation of
it, either alone or in combination with any other term, or any domain name that is
confusingly similar to any of the above;

5.     Ordering that Defendants and their officers, agents, servants,
distributors, affiliates, employees, attorneys, and representatives, and all those in
privity or acting in concert with Defendants or on Defendants' behalf, be
permanently enjoined and restrained from, directly or indirectly:

a.     using the DESILU Mark and any colorable imitation or
simulation of it;

b.     registering, renewing, or using, directly or indirectly,
www.desilu-studios.com, www.thedesilustudios.com, www.desiluinc.com or any
other domain name that contains the DESILU Mark, or any colorable imitation,
simulation or typographical variation of it, either alone or in combination with any
other term, or any domain name that is confusingly similar to any of the above;

c.     using the Infringing Mark, or any substantially similar variation
thereof, on or in connection with Defendants' goods or services; and

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

COMPLAINT

d.  doing any act or thing likely to induce the belief that Defendants' goods or services are in any way legitimately connected with, or sponsored or approved by, CBS or its predecessors.

e.  pay to CBS its actual damages sustained as a result of Defendants' wrongful conduct in accordance with 15 U.S.C. § 1117 and the common law of California;

f.  account for and pay over to CBS all profits derived by Defendants from their complained of acts, in accordance with 15 U.S.C. § 1117 and the common law of California;

g.  pay to CBS the greater of three times the damages CBS has suffered as a result of the complained of acts of Defendants, or three times Defendants' profits, in accordance with 15 U.S.C. § 1117;

h.  pay to CBS, as an alternative measure of relief to actual damages and disgorgement of profits for Defendants' violations of 15 U.S.C. § 1125(d), maximum statutory damages in the amount of $100,000.00 per infringing domain name;

i.  pay to CBS exemplary damages in a sum sufficient to deter Defendants from future acts complained of in this action;

j.  pay to CBS the costs of this action together with CBS's reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117; and

6.  Declaring the rights between and among the parties hereto concerning the matters in controversy, including the following declarations:

a.  Defendants have no right to use the name or mark "Desilu" in connection with motion picture film production; motion picture theaters; production and distribution of motion pictures; television show production; distribution of motion picture films; entertainment media production services for motion pictures, television and internet; and film distribution;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

19

COMPLAINT

1          b.     CBS continues to own and control the common law trademark

2   rights to the DESILU Mark.

3       7.     Awarding CBS shall have such other relief as this Court may deem just

4   and proper.

5

6   Dated: October 30, 2018          LOEB & LOEB LLP
                                     DAVID GROSSMAN
7                                    EDWARD K. LEE

8
                                     By:  _/s/ David Grossman_____
9                                        David Grossman
                                         Attorneys for Plaintiff
10                                        CBS STUDIOS INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

20

COMPLAINT

1

### DEMAND FOR JURY TRIAL

2      Pursuant to Fed. R. Civ. P. 38(b), Defendant and CBS Studios Inc.

3 respectfully demands a trial by jury of all issues so triable by a jury.

4

5 Dated: October 30, 2018                    LOEB & LOEB LLP
                                             DAVID GROSSMAN
6                                            EDWARD K. LEE

7

8                                            By: ___/s/ David Grossman_____
                                                David Grossman
9                                               Attorneys for Plaintiff
                                                CBS STUDIOS INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16979949.3
206091-10015

COMPLAINT